## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THERESA RIFFEY, SUSAN WATTS STEPHANIE YENCER-PRICE , and a class of similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | No.: 10-cv-02477 |
| | ) | |
| v. | ) ) | **FIRST AMENDED COMPLAINT CLASS ACTION** |
| | ) | |
| GOVERNOR BRUCE RAUNER, in His Official Capacity as Governor of the State of Illinois, SEIU HEALTHCARE ILLINOIS & INDIANA, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

William L. Messenger (*pro hac vice*)
Amanda K. Freeman (*pro hac vice*)
National Right to Work Legal Defense
   Foundation
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
(703) 321-9319 (fax)
wlm@nrtw.org
akf@nrtw.org

Michael Haugh
Anastas Shkurti
Veverka Rosen & Haugh
180 N. Michigan Ave 900
Chicago, Illinois
Tel: 312.372.2665
michael@verohalaw.com
anastas@verohalaw.com

*Attorneys for Plaintiffs*

## PRELIMINARY STATEMENT

Plaintiffs are individuals who provide home care to disabled individuals enrolled in Illinois' Medicaid-waiver programs. They are not employed by the State of Illinois, but by the individuals who they serve. Nevertheless, under former Illinois Governor Blagojevich, the State designated a union to be the representative of one group of home care providers vis-a-vis the State, and is compelling these providers to financially support that union as their state-appointed representative.

Compelling home care providers to support an entity for the purposes of speaking to and petitioning the state infringes on the fundamental rights of providers to free association, free speech, and to petition the government for a redress of grievances under the First Amendment to the United States Constitution. This suit by home care providers seeks declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983 to remedy this violation of their Constitutional rights.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to adjudicate this case pursuant to both 28 U.S.C. § 1331, because it arises under the United States Constitution, and 28 U.S.C. § 1343, because Plaintiffs seek relief under 42 U.S.C. § 1983. This Court also has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1392 because Defendants maintain offices and do business within this judicial district and events giving rise to this action took place in this judicial district.

## PARTIES

3. Plaintiffs are individuals who provide, or provided, home care services to disabled individuals enrolled in the Home Services Program administered by the Division of Rehabilitation Services of the Illinois Department of Human Services, ("Rehabilitation Program"). More specifically:

3a. Plaintiff Theresa Riffey provides home care services to her sister, who participates in the Rehabilitation Program due to quadriplegia.

3b. Plaintiff Susan Watts provides home care services to her daughter Elizabeth, who participates in the Rehabilitation Program. Elizabeth requires constant care and supervision due to quadriplegic cerebral palsy, a stroke, and numerous surgeries.

3c. Plaintiff Stephanie Yencer-Price provided home care services to an individual who participates in the Rehabilitation Program.

4. Defendant Governor Bruce Rauner is sued in his official capacity as the Governor and chief executive officer of the State of Illinois.

5. Defendant SEIU Healthcare Illinois & Indiana ("SEIU-HCII") is a union that transacts business and maintains its main offices in this judicial district.

## FACTS

### I. Home Care Program

6. The Home Services Program is a state Medicaid waiver program administered by the Division of Rehabilitation Services of the Illinois Department of Human Services ("Rehabilitation Program"). *See* 20 ILCS 2405 *et seq.*; 89 Ill. Admin.

3

Code §§ 676 *et seq.* The Rehabilitation Program subsidizes the costs of home-based services for individuals with severe disabilities to prevent their unnecessary institutionalization.

7. The maximum monthly subsidy to which a participant in the Rehabilitation Program is entitled to purchase home-based services, or "service cost maximum," is determined by a formula delineated at 89 Ill. Admin. Code § 679.50.

8. Participants in the Rehabilitation Program may use some or all of their subsidy to employ personal assistants or personal care attendants (collectively "Personal Assistants"), who help with household tasks, personal care, and certain routine health care procedures.

9. Personal Assistants are employed by participants in the Rehabilitation Program, who are their employers. Program participants may select and hire any individual who meets certain minimal requirements to serve as their Personal Assistant. Program participants supervise, discipline, and otherwise control the terms and conditions of employment of their Personal Assistants, subject to state wage and qualification requirements.

10. Personal assistants are not employed by the State of Illinois. The State does not control or have input in the employment relationship between program participants and their Personal Assistants, other than to require a minimum wage rate. The State Rehabilitation Program merely subsidizes a program participant's costs of hiring a Personal Assistant by making semi-monthly payments to Personal Assistants.

4

11. Over 20,000 Personal Assistants are employed by participants in the Rehabilitation Program each year.

## II. Personal Assistants in the Rehabilitation Program Are Compelled to Support SEIU-HCII as Their State-Appointed Representative

### A. The State Designates SEIU-HCII as the Political Representative of Personal Assistants Vis-a-Vis the State with Respect to a Limited Aspect of the Rehabilitation Program

12. In 2003, former Illinois Governor Blagojevich initiated a two-step scheme to force Personal Assistants into SEIU-HCII in exchange for the union's political support and campaign contributions. Governor Blagojevich first designated the SEIU-HCII as the representative of Personal Assistants vis-a-vis his administration, and then forced Personal Assistants to pay SEIU-HCII for the compulsory political representation imposed upon them.

13. On 7 March 2003, Governor Blagojevich issued Executive Order 2003-08 ("EO 2003-08"). EO 2003-08 recognized that Personal Assistants are not state employees, and that participants in the Rehabilitation Program control their hiring, in-home supervision, and termination. Nevertheless, EO 2003-08 provided that:

> The State shall recognize a representative designated by a majority of the personal assistants as the exclusive representative of all personal assistants, accord said representative all the rights and duties granted such representatives by the Illinois Public Labor Relations Act, 5 ILCS 315/1 et seq., and engage in collective bargaining with said representative concerning all terms and conditions of employment of personal assistants working under the Homes Services Program that are within the State's control.

14. On 16 July 2003, Governor Blagojevich codified EO 2003-08 by signing Public Act 93-0204, which amended Section 3 of the Disabled Persons Rehabilitation

5

Act to provide as follows:

> Solely for the purposes of coverage under the Illinois Public Labor Relations
> Act (5 ILCS 315), personal care attendants and personal assistants providing
> services under the Department's Home Services Program shall be considered
> to be public employees and the State of Illinois shall be considered to be their
> employer as of the effective date of this amendatory Act of the 93rd General
> Assembly, but not before. The State shall engage in collective bargaining with
> an exclusive representative of personal care attendants and personal
> assistants working under the Home Services Program concerning their terms
> and conditions of employment that are within the State's control. Nothing in
> this paragraph shall be understood to limit the right of the persons receiving
> services defined in this Section to hire and fire personal care attendants and
> personal assistants or supervise them within the limitations set by the Home
> Services Program. The State shall not be considered to be the employer of
> personal care attendants and personal assistants for any purposes not
> specifically provided in this amendatory Act of the 93rd General Assembly,
> including but not limited to, purposes of vicarious liability in tort and
> purposes of statutory retirement or health insurance benefits. Personal care
> attendants and personal assistants shall not be covered by the State
> Employees Group Insurance Act of 1971 (5 ILCS 375/).

20 ILCS 2405/3(f). Public Act 93-0204 also made conforming amendments to the

Illinois Public Labor Relations Act, 5 ILCS 315/1, *et seq*.

15. On or around 26 July 2003, the State designated SEIU-HCII as the

exclusive representative of Personal Assistants with respect to terms and conditions

of their employment within the State's control under the Rehabilitation Program.

These terms and conditions are limited principally to the minimum compensation

paid to Personal Assistants, as Personal Assistants are employed and supervised by

participants in the Rehabilitation Program.

16. In this manner, the State designated SEIU-HCII as the compulsory

representative of Personal Assistants for the purpose of speaking to, petitioning, and

otherwise lobbying the State and its officials with respect to limited aspects of the

State's Rehabilitation Program.

**B. The State Compels Personal Assistants to Financially Support the SEIU-HCII As Their State-Designated Representative**

17. The Illinois Department of Human Services and Central Management Services are parties to an "Agreement" with SEIU-HCII effective from 1 January 2008 through 30 June 2012. This Agreement is the successor to an earlier agreement between the entities.

18. The Agreement requires that Personal Assistants employed by participants in the Rehabilitation Program pay a compulsory "fair share" fee to SEIU-HCII. Specifically, Section 6 of Article X of the Agreement states:

> Effective on the pay period beginning November 1, 2003, all Personal Assistants who are not members of the Union shall be required to pay their proportionate share of the costs of the collective bargaining process, contract administration and pursuing matters affecting wages, hours and other conditions of employment, but not to exceed the amount of dues uniformly required of members. The Union shall certify the Personal Assistants' monthly proportionate share to the State and the State shall deduct said amount from the wages of the Personal Assistants and remit it to the Union. The Union shall indemnify, defend, and hold the State harmless against any claim, demand, suit or liability arising from any action taken by the State in complying with this section.

19. At times relevant to this Complaint, the State has deducted compulsory union fees from monies owed to Personal Assistants for caring for participants in the Rehabilitation Program and remitted those monies to SEIU-HCII. These and similar deductions have and will continue pursuant to successor agreements, or pursuant to state law, until found unlawful.

20. SEIU-HCII is acting under the color of state law by causing, participating

7

in, and accepting the compulsory deduction of union fees from monies owed to Personal Assistants.

21. SEIU-HCII and its affiliates take at least $3,600,000 in fees from Personal Assistants each year by means of these deductions, with the actual yearly windfall likely more than double this amount.

22. In the manner described above, Defendants are compelling Personal Assistants to financially support SEIU-HCII and its affiliates as their state-designated representative for purposes of speaking to, petitioning, and otherwise lobbying the State and its officials with respect to limited aspects of the Rehabilitation Program. No compelling or otherwise sufficient government interest justifies the compulsory political representation imposed upon Personal Assistants.

## CLASS ALLEGATIONS

23. This is a class action brought by named Plaintiffs Theresa Riffey, Susan Watts, and Stephanie Yencer-Price for themselves and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(3). The class consists of all Personal Assistants who are not members, or were not members, of SEIU-HCII and had "fair share" fees deducted from payments made to them under Illinois' Rehabilitation Program without their prior, written authorization. The class includes everyone who comes within the class definition at any time from two years prior to the commencement of this action until the conclusion of this action.

24. The number of persons in the class exceeds 20,000. Their number makes joinder of the entire class impractical.

25. There are questions of fact and law common to all class members. Factually, all class members are being compelled to support SEIU-HCII as their state-designated representative for the purposes of speaking to, petitioning, and otherwise lobbying the State and its officials with respect to limited aspects of the Rehabilitation Program. The question of law is the same for all class members: does this violate their rights under the United States Constitution?

26. The claims of Plaintiffs Theresa Riffey, Susan Watts, and Stephanie Yencer-Price are typical of other members of the class, in that their Constitutional rights are all being infringed upon in a similar manner by being compelled to support SEIU-HCII as their state-designated representative for the purposes of speaking to, petitioning, and otherwise lobbying the State and its officials with respect to limited aspects of the Rehabilitation Program.

27. Plaintiffs Theresa Riffey, Susan Watts, and Stephanie Yencer-Price can adequately represent the interests of the class. They have no interests antagonistic to the class, all of whom have a cognizable interest in not being compelled to support a state-designated lobbyist in violation of their Constitutional rights. Plaintiffs attorneys are provided *pro bono* by a well-established legal-aid organization and are experienced in representing individuals whose constitutional rights are infringed upon when compelled to support a union.

28. A class action can be maintained under Rule 23(b)(3), because the common questions of law and fact identified in paragraph 25 of the Amended Complaint predominate over any questions affecting only individual class members. A class

9

action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are suffering the same violation of their Constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## CLAIMS FOR RELIEF

*(Violation of Rights of Personal Assistants under 42 U.S.C. § 1983
and the United States Constitution)*

Plaintiffs reassert the foregoing and further allege:

29. By compelling Personal Assistants in the Rehabilitation Program, specifically Plaintiffs Theresa Riffey, Susan Watts, Stephanie Yencer-Price, and members of the Plaintiff class, to support SEIU-HCII and its affiliates as their state-designated representative for the purposes of speaking to, petitioning, and otherwise lobbying the State and its officials with respect to limited aspects of the Rehabilitation Program, Defendants are abridging and violating the rights of Personal Assistants to freedom of association, freedom of speech, and to petition the government for redress of grievances under the First Amendment to the United States Constitution, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

30. Unless enjoined by this Court, Plaintiffs Theresa Riffey, Susan Watts, Stephanie Yencer-Price, and members of the Plaintiff class will continue to suffer irreparable harm, damage, and injury for which there is no adequate remedy at law.

10

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court do the following:

A. Issue a permanent injunction that:

(1) enjoins Defendants from compelling Personal Assistants to support SEIU-HCII or any other representative designated by the State;

(2) enjoins enforcement of Public Act 93-0204, 5 ILCS 315/6, and EO 2003-08 for the purpose of compelling or causing Personal Assistants to support SEIU-HCII or any other representative designated by the State;

(3) voids and rescinds Section 6 of Article X of the Agreement referenced in paragraph 18 of the Amended Complaint and any similar term in any successor agreement;

B. Issue declaratory judgments that:

(1) it is unconstitutional to compel Personal Assistants to support SEIU-HCII or any other representative designated by the State;

(2) Public Act 93-0204, 5 ILCS 315/6, and EO 2003-08 are unconstitutional to the extent that they authorize or permit the State of Illinois, and any entity acting in conjunction with the State, to compel or cause Personal Assistants to support SEIU-HCII or any other representative designated by the State.

C. Award monetary damages to Plaintiffs Theresa Riffey, Susan Watts, Stephanie Yencer-Price, and each member of the Plaintiff Class in an amount equal to the union "fair share" fees taken from the monies owed to them for caring for

11

participants in the Rehabilitation Program and remitted to SEIU-HCII and its affiliates, with interest, and hold SEIU-HCII liable for said damages;

D. Award nominal damages to each Plaintiff and member of the Plaintiff Class, and hold SEIU-HCII liable for said damages.

E. Award Plaintiffs their costs and reasonable attorneys' fees, pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988.

F. Grant such other and additional relief as the Court may deem just and proper.

Dated this 20th day of May 2015.

/s/ William L. Messenger
William L. Messenger (*pro hac vice*)
Amanda K. Freeman (*pro hac vice*)
National Right to Work Legal Defense
Foundation
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
(703) 321-9319 (fax)
wlm@nrtw.org
akf@nrtw.org

Michael Haugh
Anastas Shkurti
Veverka Rosen & Haugh
180 N. Michigan Ave 900
Chicago, Illinois
312.372.3665
michael@verohalaw.com
anastas@verohalaw.com

*Attorneys for Plaintiffs*

12

**Certificate of Service**

I hereby certify that on May 20, 2015, I electronically filed Plaintiffs' First Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to participants identified on the Notice of Elecontric Filing.


By /s/ William L. Messenger
William L. Messenger (*Pro Hac Vice*)