IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THERESA RIFFEY, et al.,<br><br>              Plaintiffs,<br><br>   v.<br><br>GOVERNOR BRUCE RAUNER, in his official capacity as Governor of the State of Illinois; and SEIU HEALTHCARE ILLINOIS & INDIANA,<br><br>              Defendants. | No.: 10-cv-02477<br><br>Judge:<br>Honorable Manish S. Shah |

**JOINT MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiffs Theresa Riffey, Susan Watts, and Stephanie Yencer-Price (collectively "Plaintiffs") and Defendants Governor Bruce Rauner, in his official capacity as Governor of the State of Illinois, and SEIU Healthcare Illinois & Indiana (collectively "Defendants") respectfully submit this joint motion for entry of the proposed final judgment accompanying this motion.

Plaintiffs' First Amended Complaint seeks recovery from Defendant SEIU Healthcare Illinois & Indiana ("Union") of the fair-share fees they paid to the Union on or after April 22, 2008, plus interest. The damages sought by the individual Plaintiffs, including interest, are as follows: Riffey ($4,994.14); Watts ($4,327.02); Yencer-Price ($965.69). The Union disputes Plaintiffs' claims for damages. The Union contends, among other things, that the Union has a good faith defense to damages liability under 42 U.S.C. §1983, and that Yencer-Price was a member who paid membership dues not fair-share fees. However, the Union has decided that the burden and expense of continued litigation to contest the individual Plaintiffs' claims for damages outweighs the Plaintiffs' claimed damages and therefore does not object to entry of a

1

judgment in Plaintiffs' favor for the amounts they sought. Plaintiffs agree that the Union's decision not to oppose entry of judgment in favor of the individual Plaintiffs is not a concession that others (including putative class members) would be entitled to any monetary relief or a waiver of any arguments or defenses the Union might assert in opposition to such claims.

Plaintiffs contend that the Court should certify a class in this action and enter judgment for damages in favor of class members, rather than just the individual plaintiffs. However, Plaintiffs acknowledge that Plaintiffs' motion for class certification was denied. Plaintiffs intend to appeal from the order denying their motion for class certification after entry of the proposed final judgment. Defendants agree that Plaintiffs have not waived their right to appeal from the denial of their motion for class certification after entry of the proposed final judgment.

Plaintiffs' First Amended Complaint also seeks injunctive relief. With regard to injunctive relief, Defendants acknowledge that this Court is bound by *Harris v. Quinn*, 134 S. Ct. 2618 (2014). Hence, Defendants do not object to entry of the proposed final judgment insofar as it provides injunctive relief prohibiting Defendants from entering into a future-fair share provision that is applicable to personal assistants who work under the Illinois Home Services Program. After the decision in *Harris*, the collection of fair-share fees was discontinued and the collective bargaining agreement was amended to eliminate the fair-share provision.

The parties agree that the final judgment should provide that Plaintiffs' deadline to file a bill of costs in accordance with Local Rule 54.1 and to move for attorney's fees and related non-taxable expenses in accordance with Local Rule 54.3 should be extended until 90 days after the issuance of the mandate by the Court of Appeal following Plaintiffs' appeal from the order denying their motion for class certification. The disposition of that appeal will be relevant to Plaintiffs' claims for fees, costs, and expenses.

For the foregoing reasons, the Court should enter the proposed final judgment accompanying this motion.

| | |
|---|---|
| Respectfully submitted, | Date: August 23, 2016 |
| By /s/ William L. Messenger | By /s/ Scott A. Kronland |
| William L. Messenger | Scott A. Kronland |
| Amanda K. Freeman (Pro Hac Vice) | Altshuler Berzon LLP |
| C/o National Right to Work Legal | 177 Post Street, Ste. 300 |
|   Defense Foundation, Inc. | San Francisco, CA 94108 |
| 8001 Braddock Road, Suite 600 | Tel: 415-421-7151 |
| Springfield, VA 22160 | skronland@altshulerberzon.com |
| Tel: 703-321-8510 | |
| wlm@nrtw.org | Robert E. Bloch |
| akf@nrtw.org | Dowd, Bloch, Bennett, Cervone |
| | Auerbach & Yokich |
| Michael Haugh | 8 S. Michigan Ave., 19th Fl. |
| Anastas Shkurti | Chicago, IL 60603 |
| Veverka Rosen & Haugh | Tel: 312-372-1361 |
| 180 N. Michigan Ave 900 | rebloch@laboradvocates.com |
| Chicago, Illinois | |
| Tel: 312-372-2665 | *Attorneys for Defendant SEIU-HCII* |
| michael@verohalaw.com | |
| anastas@verohalaw.com | |

*Attorneys for Plaintiffs*

By /s/ Gary S. Caplan
Gary S. Caplan
Jessica M. Scheller
Office of the Illinois Attorney General
100 W. Randolph, 12th Floor
Chicago, IL 60601
Tel: 312-814-5661
gcaplan@atg.state.il.us
jscheller@atg.state.il.us

*Attorneys for Defendant Rauner*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2016, I electronically filed the Joint Motion for Entry of Final Judgment with the Clerk of Court using the CM/ECF system, which will send notification of such filing to participants identified on the Notice of Electronic Fil*i*ng.

By <u>/s/ William L. Messenger</u>
William L. Messenger

*Attorney for Plaintiffs*
